YI LONG CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2051–AG.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Joan Xi, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney, District of Columbia, Madelyn E. Johnson, Jessie K. Liu, Assistant United States Attorneys, Washington, D.C., for Respondent.

Present THOMAS J. MESKILL, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that this petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings in accordance with this decision.

Yi Long Chen, a native and citizen of the People's Republic of China ("China"), seeks review of an April 7, 2005 order of the Board of Immigration Appeals ("BIA") affirming the September 23, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") based on petitioner's claim of past persecution, but reversing the IJ's finding that petitioner established a well-founded

fear of persecution from China's coercive population control policies. *In re Yi Long Chen a.k.a. Ling Fang a.k.a. Yue Rong Chen,* No. A77 354 606 (B.I.A. Apr. 7, 2006), *aff'g* and *rev'g* No. A77 354 606 (Immig. Ct. N.Y. City Sept. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ With respect to Chen's claim to have suffered past persecution, the IJ found Chen not credible because she testified inconsistently regarding who came to her house and made threats to force her to marry the son of the local police chief, and whether she was home when those threats were made. The IJ's determination here is based on substantial evidence and is a reasonable basis for finding Chen not cred-

ible, because the alleged visits and accompanying threats involve the heart of Chen's asylum claim. *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir. 2002)). Further, the agency considered and reasonably dismissed Chen's claim that her limited education should have been considered in judging whether she testified inconsistently on this matter. Chen pointed to nothing in the record, and presented no evidence on appeal or in her brief to this Court, to show that a person of limited or even no formal education is somehow less able to articulate a coherent narrative of his or her alleged persecution.

The IJ also found Chen incredible because while she claimed during her merits hearing that her suitor came to her home and threatened her, she failed to mention this in either of her asylum applications. Furthermore, Chen failed to mention in either her airport interview or her credible fear interview that she had been threatened with being sent to jail if she did not marry the police chief's son.

■ The BIA committed legal error, however, in reversing the IJ's finding that Chen had demonstrated a well-founded fear of persecution based on the birth of her daughter in the United States. The BIA determined that Chen's claim that if she became "pregnant a second time, the government in China might force her to have an abortion or to be sterilized ... was speculative since even the possibility that she will become pregnant a second time is speculative." In *Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135–36 (2d Cir. 2006), this Court held that substantial evidence did not support an IJ's finding that a Chinese applicant's fear of being sterilized was too speculative where the IJ failed to point to any evidence in the record, such as the applicant's infertility, that established the finding. Because the BIA

failed to point to any such evidence here, its finding is speculative. Further, the BIA did not mention, let alone discuss, the State Department Reports that the IJ relied on in finding that Chen had a well-founded fear of persecution based on the Chinese government's coercive population control policies.

■ The credibility findings regarding Chen's claim of past persecution based on the alleged threat of a forced marriage are sufficient to uphold the agency's decision. *See Xiao Ji Chen*, 434 F.3d at 159–165. We remand, however, on the BIA's finding that Chen's claim of a well-founded fear of persecution based on the birth of her child in the United States was speculative. Because Chen did not raise before the BIA, and she does not raise here, her claim of a well-founded fear of persecution based on being arrested for leaving China illegally, that claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Further, since Chen failed to raise her CAT claim before the BIA regarding the birth of her child in the United States, that claim is both unexhausted and waived.

For the foregoing reasons, we GRANT this petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).